A. L. BURNHAM, Appellant, v. J. M. STOUTT, ADA-
LINE STOUTT, THE DESERET SAVINGS
BANK, a Corporation, Respondents.

No. 1967. Decided January 27, 1909 (99 Pac. 1070).

1. HUSBAND AND WIFE—WIFE'S SEPARATE ESTATE—DEBTS OF HUS-
BAND. When a wife at the time of the marriage had and while
that relation subsisted continued to have separate means and a
separate estate, the courts will protect her property against her
husband's creditors the same as the property of others. (Page
253.)

2. DEPOSITIONS—DEFECTS AND OBJECTIONS—SUFFICIENCY OF OBJEC-
TION. Where a party in having a deposition taken chooses the
statutory method, requiring that all interrogatories direct and
cross be reduced to writing and that the witness answer them in
that form, the trial court has no power to allow the party to
orally cross-examine the witness when taking the deposition.
(Page 254.)

3. DEPOSITIONS—OBJECTIONS—ANSWERING INTERROGATORY STRICKEN
BY COURT. It was not error to refuse to exclude an entire depo-
sition because one of the direct interrogatories remaining among
the other interrogatories after it had been stricken by the court
was answered by the witness; the answer to the stricken in
terrogatory being excluded. (Page 254.)

APPEAL from District Court, Third District. *Hon. C. W.
Morse,* Judge.

Action in the nature of a creditor's bill by A. L. Burnham
against J. M. Stoutt and others. Judgment of dismissal, and
plaintiff appeals.

AFFIRMED.

*Geo. W. Moyer* and *C. S. Patterson* for appellant.

*J. D. Pardee* and *Ogden Hiles* for respondents.

FRICK, J.

This is an action in the nature of a creditor's bill. The purpose of the action is to subject certain real estate claimed by the respondent Adaline Stoutt to the payment of a judgment in favor of appellant and against respondent J. M. Stoutt. The material allegations of the complaint, in substance, are: That respondent J. M. Stoutt on August 1st, 1896, became indebted to appellant in the sum of $4,000. That appellant in November, 1903, obtained a judgment for said indebtedness against respondent J. M. Stoutt for the sum (including interest and costs) of $6,332.75, which judgment is in full force and wholly unpaid. That execution had been duly issued and returned unsatisfied. That said J. M. Stoutt on the 5th day of August, 1896, purchased certain real estate with his own individual money, but for the purpose of cheating and defrauding the appellant caused the title to such real estate to be placed in the name of Adaline Stoutt. That said J. M. Stoutt is the real owner of said real estate, and that he has no other property subject to execution. That said J. M. Stoutt at the time said real estate was purchased and the title thereto was placed in Adaline Stoutt, was insolvent and that $4,000 of the money included within said judgment was used by said J. M. Stoutt in placing improvements upon the real estate purchased as aforesaid. Appellant prayed for the usual judgment or decree in such actions. The respondents answered separately. The answer of J. M. Stoutt in effect, amounted to a general denial, and the answer of Adaline Stoutt, after denying the allegations of the complaint, averred the facts with respect to her purchase and ownership of the real estate described in the complaint, and claimed to be the real and sole owner thereof. After a trial upon the merits the district court, in substance, found the facts as follows: That a judgment was obtained against J. M. Stoutt as alleged in the complaint, and that execution had been duly issued and returned unsatisfied; that on the 15th day of July, 1896, the respondent Adaline Stoutt purchased the real estate described in the complaint, and that she paid therefor with mon-

ey obtained out "of her own individual and separate estate;" that said real estate is "her own individual and separate property, and that the said defendant Joseph M. Stoutt never had any right, property, interest, or estate therein or any part thereof; that no part of the $4,000 which was loaned by plaintiff to said defendant Joseph M. Stoutt . . . was used by Adaline Stoutt, or by Joseph M. Stoutt, either in the purchase of the said property or in making improvements thereon; "that the respondents at the time of the transactions referred to were, and now are, husband and wife, and that J. M. Stoutt was not insolvent on August 5th, 1896, or on July 15th, 1896, at the time of the purchase of the real estate in question. Upon these findings the court made conclusions of law, and entered judgment in favor of respondents, dismissing the action.

Appellant attacks the findings of the court upon the grounds that some are against the clear weight of, while others are not supported by, the evidence. Much space is devoted by both sides to the question of insolvency of J. M. Stoutt, and as to whether appellant was or was not a subsequent creditor. So long, however, as the finding that respondent Adaline Stoutt purchased the property in question with her own means and that the same is her separate individual property stands, the questions just referred to are immaterial. The finding is, however, strenuously assailed by counsel for appellant as not being supported by the evidence. We have carefully examined the evidence with regard to the claim of Adaline Stoutt that the property in question was purchased with her own money, and that at the time of the purchase it was purchased as, and has continued to be, her own separate and individual property, and we are all agreed that the finding of the court in this regard is amply supported by the evidence. It is impracticable to set forth the evidence for the purpose of showing what inferences may be deduced from it for and against the claims of appellant. Nor is this necessary, since we are all of one mind that the inferences cannot prevail as against the direct and positive statements of Mrs. Stoutt. While it is true that

some inferences might be permissible from some of the facts and circumstances pointing to a different conclusion, yet these inferences are all met by the direct statements of Mrs. Stoutt, in which she shows just how, when, and where she obtained the money with which she purchased the property. She made these statements nearly a year before the trial. They were supported by public records, and, if they were not correct, appellant had ample opportunity to show otherwise. No attempt has been made, however, to show that she did not have the means to purchase the property, but, notwithstanding this, we are asked to find that she did not have them upon mere inferences. Inferences may be of much weight under some circumstances, but, when inferences are met by direct and positive statements which are reasonable and uncontradicted, the finding of the trial court, which is in accordance with the direct statements, must prevail. If Adaline Stoutt purchased the real estate in question and paid for it out of her own funds, it is as much her property as any property claimed by appellant would be when purchased for himself and paid for with his own means. It may be a misfortune to appellant that he is unable to collect the amount of his judgment against J. M. Stoutt, but he has no right to subject the property of Mrs. Stoutt to the payment of his judgment. The court may not upon mere inferences declare Mrs. Stoutt's property as belonging to her husband because she has property and he has none, and upon the ground that they are husband and wife. The dealings between husband and wife in case the husband fails to pay his debts, and when the wife claims property which apparently is in their joint possession as her own, always require close scrutiny; but, when it is made to appear that the wife, at the time of the marriage, had, and while that relation subsisted continued to have, separate means and a separate estate, the courts are bound to protect her property and estate to the same extent as they are the property and estates of others. The laws which gives the wife the right to acquire and own property separate and apart from her husband, and to deal with it as all others may

with their property, would be of but little, if any, benefit to
her if the court, without satisfactory proof, and without good
reasons, compelled her to sacrifice it for the debts of her hus-
band.  In such cases fraud is involved, and, before the prop-
erty claimed by the wife can be declared to be the property
of the husband in fact, the court should be convinced from
all the facts and circumstances in evidence that the wife's
claim is not well founded and is made in bad faith.  While
it is true that, if we should adjudge the property in question
to be subject to the judgment of appellant, he would receive
no more than is due him, yet, in view of the evidence, we
would have to invade the property rights of another to accom-
plish the result.  This we have no right to do.  Adaline Stoutt
is as much entitled to her property as appellant is to his.  He
has not convinced us that her claim to the property in ques-
tion is not well founded, and hence he cannot prevail.

The objection to the introduction of the deposition
of Adaline Stoutt in evidence upon the ground that
the court refused to make an order permitting appel-
lant to orally cross-examine her at the time the deposition was
taken is not tenable.  The deposition was taken in conformity
to the statute which requires that all interrogatories, direct
and cross, be reduced to writing, and that the witness be re-
quired to answer them in that form.  The Legislature pro-
vided this as one of the methods for taking the testimony of
an absent witness, and the trial court was powerless to change
the method prescribed.  There was, however, another method
which appellant could have adopted.  He failed to do this,
and hence cannot now complain that the court followed the
method prescribed by statute.

The claim that the court erred in not excluding the deposi-
tion because one of the direct interrogatories was answered
by the witness after it had been stricken out by the court can-
not prevail.  The interrogatory remained among the
other interrogatories, and the notary, in taking the
deposition, no doubt required an answer to it as he did
to the others.  The witness answered it, but the court did not

permit the answer in evidence. This left the matter just where it would have been if the question had not been in the deposition, and had not been answered by the witness. The witness apparently did not know that she ought not answer this interrogatory, and no reason is made to appear why this unauthorized answer should be permitted to affect the whole deposition.

The judgment is affirmed, with costs to respondents.

McCARTY, J., and LEWIS, D. J., concur.